SCHURTZ v. CITY OF GRAND RAPIDS.

MUNICIPAL CORPORATIONS—GRAND RAPIDS CHARTER—RES JUDICATA. The general validity of the charter of the city of Grand Rapids having been sustained in *Kopczynski* v. *Schriver*, 194 Mich. 553, the order dismissing plaintiff's bill, based on the invalidity of said charter, will be affirmed.

Appeal from Superior Court of Grand Rapids; Dunham, J. Submitted January 16, 1917. (Docket No. 149.) Decided April 9, 1917. Rehearing denied September 28, 1917.

Bill by Perry Schurtz against the city of Grand Rapids for an injunction restraining said city from exercising any of its functions under its charter as revised. From a decree for defendant, plaintiff appeals. Affirmed.

*Shelby B. Schurtz,* for plaintiff.

*Sheridan F. Master* and *Jewell & Smith,* for defendant.

KUHN, C. J. The purpose and intent of the bill of complaint filed herein may be gathered from the following paragraph of the prayer for relief:

"And that an injunction may be issued from this honorable court restraining and prohibiting forever the said city of Grand Rapids from taking any action under the proposed revised charter of the city of Grand Rapids submitted to the electors of Grand Rapids August 29, 1916; restraining and prohibiting forever the said city of Grand Rapids from exercising any of its functions as a municipal corporation under said proposed revised charter, and commanding the said city of Grand Rapids to continue to exercise its functions as a municipal corporation under Local Acts of the State of Michigan of 1905, No. 593, as amended by Local Acts of 1907, No. 749, until the charter of the city of Grand Rapids is revised or amended according to the laws of the State of Michigan."

The defendant filed a motion to dismiss the bill on several grounds. It is claimed that an individual citizen cannot question the legality of the corporate existence of the city in the absence of a statute giving that right, that the bill does not allege that the plaintiff's burden as a taxpayer will be increased at least $100, and, *third*, that this proceeding should have been brought by the attorney general by filing an information in the nature of a "*quo warranto*." An appeal is taken from an order dismissing the bill of complaint.

Irrespective of whether this is the proper proceeding to raise the question sought to be reviewed, we are satisfied that the order dismissing the bill of complaint should be affirmed because the general validity of the charter of the city of Grand Rapids is sustained, contrary to plaintiff's contentions, by the decision of this court in *Kopczynski* v. *Schriver*, 194 Mich. 553 (161 N. W. 238).

The order dismissing the bill of complaint is therefore affirmed, with costs to the defendant.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.